UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| OLIVIA D. ALONZO, | ) | No. CV 14-3862-PA (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |
| D.K. JOHNSON, Warden, | ) | |
| Respondent. | ) | |

On May 20, 2014, Olivia D. Alonzo ("petitioner"), who is currently confined at the Central California Women's Facility, in Chowchilla, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). According to the Petition, petitioner appears to challenge her 2009 conviction in the Los Angeles County Superior Court under California Penal Code §§ 288(a), (c), as well as "prison discipline," and "a parole problem." (See Petition at 2). For the reasons expressed below, it appears that the instant Petition may be unexhausted.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust her claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which her claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that she has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, while it appears from the Petition itself that petitioner has not exhausted her state judicial remedies in connection with this matter,[1] based on the records available through the California Appellate Courts Case Information website, a petitioner with the name Olivia Dianne Alonzo filed a petition for writ of habeas corpus in the California Supreme Court on January 10, 2013, in Case No. S207947. See California Appellate Courts Case Information website at http://appellatecases.courtinfo.ca.gov. The California Supreme Court denied the petition on March

---

[1] Petitioner indicates that she did not file a petition for review with the California Supreme Court of any Court of Appeal decision, and states that she has not previously "filed any habeas petitions in any state court with respect to this judgment of conviction." (Petition at 3). She further indicates that she did not raise either of the two grounds for relief included in the instant Petition in the California Supreme Court, and explains that she did not present these grounds to the California Supreme Court because of "the fact that [she] was diagnosed with a mental disorder, and [her] interpreter wasn't present." (Petition at 5-7).

---
20, 2013. Consequently, it appears that petitioner <u>may</u> have exhausted her state court remedies, if the issues raised in the state petition are the same as those in the instant Petition.

For the foregoing reasons, **no later than June 13, 2014**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. Filing by petitioner of an Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus -- clearly showing that petitioner has exhausted her state judicial remedies, as well as filing a complete copy of the state habeas corpus petition that was denied by the California Supreme Court on March 20, 2013, shall be deemed compliance with this Order to Show Cause. **Petitioner is advised that her failure to show in her Amended Petition that she has exhausted her state judicial remedies, including by providing the Court with a copy of her California Supreme Court habeas petition, will result in the action being dismissed for lack of exhaustion. Petitioner is further advised that her failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and failure to follow Court orders.**

The Court Clerk is directed to send petitioner a copy of her current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody. Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: May 23, 2014

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE