1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

AUG - 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

OLIVIA D. ALONZO,

                Petitioner,

      v.

D.K. JOHNSON, Warden,

                Respondent.

No. CV 14-3862-PA (PLA)

**ORDER DISMISSING PETITION FOR LACK OF EXHAUSTION**

## INTRODUCTION

On May 20, 2014, Olivia D. Alonzo ("petitioner"), who is currently confined at the Central California Women's Facility, in Chowchilla, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). According to the Petition, petitioner appeared to challenge her 2009 conviction in the Los Angeles County Superior Court under California Penal Code §§ 288(a), (c), as well as "prison discipline," and "a parole problem." (See Petition at 2). On May 23, 2014, because the Petition indicated that she did not raise either of the two grounds for relief included in the Petition in the California Supreme Court (see Petition at 5-7), the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed

1  without prejudice for failure to exhaust state remedies.[1]  Petitioner was advised that the filing of

2  an Amended Petition on the Central District of California's form Petition for Writ of Habeas Corpus

3  clearly showing that she has exhausted her state judicial remedies, as well as filing a complete

4  copy of the state habeas corpus petition that was denied by the California Supreme Court on

5  March 20, 2013, would be deemed compliance with the Order to Show Cause.  (OSC at 3).

6          On June 6, 2014, the Magistrate Judge received several documents from petitioner,

7  including a completed "Petition for Writ of Habeas Corpus..." ("Second Petition") form, containing

8  five grounds for relief, and providing, without further explanation, that "[a]ll grounds mentioned"

9  were "not previously presented to the California Supreme Court" (Second Petition at 6).  On June

10  11, 2014, the Magistrate Judge issued a second Order to Show Cause ("Second OSC"), ordering

11  petitioner to show cause why the Petition should not be dismissed for failure to exhaust state

12  judicial remedies.  (See Second OSC at 1).

13          On June 23, 2014, the Magistrate Judge received several filings from petitioner, including

14  a new Petition ("Third Petition"), raising five grounds for relief,[2] and again indicating that none has

15  been presented to the California Supreme Court.[3]  (Third Petition at 5-6).  On June 26, 2014, the

16  Magistrate Judge issued a third Order to Show Cause ("Third OSC"), ordering petitioner to show

17  cause why the Petition should not be dismissed for failure to exhaust state judicial remedies.

18

19  _____

20  [1]    The Magistrate Judge observed, however, that petitioner "may have exhausted her state
    court remedies," because, "based on the records available through the California Appellate Courts
21  Case Information website, a petitioner with the name Olivia Dianne Alonzo filed a petition for writ
    of habeas corpus in the California Supreme Court on January 10, 2013, in Case No. S207947,"
22  and that the California Supreme Court denied that petition on March 20, 2013.  See Order to
23  Show Cause ("OSC") at 2.

24  [2]    While the grounds raised by petitioner in the Third Petition are not identical to those
    included in the Second Petition, any differences between them do not impact the Court's analysis
25  with regard to the question of exhaustion, as discussed infra.  (See Second Petition at 5-6; Third
    Petition at 5-6).
26

27  [3]    Petitioner included as attachments in her June 23, 2014, filing, a copy of the Court's
    Second OSC, the Second Petition, two "Declaration in Support of Request to Proceed In Forma
28  Pauperis" forms, and one "Election Regarding Consent to Proceed Before a United States
    Magistrate Judge."

1    On July 10, 2014, the Magistrate Judge received a letter from petitioner ("Letter"), along

2  with several attachments.  In her letter, petitioner explained, among other things, that she had

3  limited access to the library in her facility, and indicated that she would be "going into surgery" at

4  some point.  (Letter at 1).  Neither the Letter nor any of petitioner's attachments included any

5  information about whether petitioner had exhausted her state judicial remedies. On July 14, 2014,

6  the Magistrate Judge issued a fourth Order to Show Cause ("Fourth OSC"), giving petitioner "one

7  final opportunity" to show that she has "raised any or all of her grounds for relief to the California

8  Supreme Court."  (Fourth OSC).  Petitioner was further advised that the filing of a petition again

9  indicating that she has not presented any of her claims to the California Supreme Court, or the

10  filing of documents that failed to address the question of whether or not she has raised any of her

11  claims to the California Supreme Court, would cause the action to be dismissed for failure to

12  exhaust state judicial remedies.

13    On July 25, 2014, the Magistrate Judge received a fourth completed "Petition for Writ of

14  Habeas Corpus..." form ("Fourth Petition"), containing two grounds for relief, and indicating that

15  neither ground has been raised on direct appeal to the California Court of Appeal, or in a Petition

16  for Review or a habeas petition to the California Supreme Court.  (Fourth Petition at 5).

17

18                              **DISCUSSION**

19    As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

20  petitioner has exhausted the available state judicial remedies on every ground presented in the

21  petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The

22  habeas statute explicitly provides that a habeas petition brought by a person in state custody

23  "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies

24  available in the courts of the State; or (B)(i) there is an absence of available State corrective

25  process; or (ii) circumstances exist that render such process ineffective to protect the rights of the

26  applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it

27  must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

28

1    Exhaustion requires that petitioner's contentions be fairly presented to the state supreme

2    court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47,

3    119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).

4    Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

5    invoking one complete round of the State's established appellate review process" in order to

6    exhaust her claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless

7    the prisoner has described in the state court proceedings both the operative facts and the federal

8    legal theory on which her claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct.

9    887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d

10   438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of

11   Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,

12   218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that she has

13   exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

14   Here, petitioner has represented to the Court on multiple occasions that she has not

15   exhausted her state judicial remedies in connection with this matter.  (See generally Fourth

16   Petition; see also Petition, Second Petition, Third Petition).  Petitioner consistently indicates that

17   she has not previously filed "any habeas petitions in any state court with respect to this judgment

18   of conviction."  (See Petition at 3, Second Petition at 3, Third Petition at 3, Fourth Petition at 3).

19   Although petitioner provides different explanations as to why she did not present any of the

20   grounds to the California Supreme Court in her Petition, Third Petition, and Fourth Petition, none

21   impacts the Court's analysis with regard to the question of petitioner's failure to exhaust state

22   judicial remedies.[4]  Specifically, insofar as petitioner fails to explain why, under the circumstances,

23

24   _____

25   [4]    Petitioner indicates, in her Petition, that she did not present the grounds for relief included
therein because of "the fact that [she] was diagnosed with a mental disorder, and [her] interpreter
wasn't present." (Petition at 5-7).  In the Third Petition, she provided that she did not present the
26   included grounds "due to the fact that [she] couldn't represent [her]self in propia [sic] persona."
(Third Petition at 6).  In her FAP, petitioner indicated that she "was heavily medicated on psych
27   meds, and [she] didn't know what [she] was doing.  All [of her] legal paperwork was lost and
stolen[,] too. [She] was going through [a] crisis[,] too, and [she] didn't know what [she] was doing."
28   (Fourth Petition at 3).

1  she is able to file multiple petitions in this Court, petitioner fails to explain her lack of filing in the

2  California Supreme Court, and alternatively fails to assert or demonstrate any lack of available

3  state corrective process, or to explain how any such process would be ineffective to protect her

4  rights.  See 28 U.S.C. § 2254(b)(1).  Because each of the petitions in this action -- petitioner's

5  original Petition, the Second Petition, the Third Petition, and the instant Fourth Petition -- is

6  unexhausted on its face, each is subject to being dismissed without prejudice.  Greenawalt v.

7  Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

8

9                                                    **ORDER**

10         In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for

11  failure to exhaust state judicial remedies.  IT IS THEREFORE ORDERED that this action is

12  **dismissed without prejudice**.

13                    August 1,

14  DATED: July ___, 2014

15                                                    HONORABLE PERCY ANDERSON
                                                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28